UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER LAZARE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNIFIRST CORPORATION,<br><br>        Defendant. | Case No. 25-cv-03028-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 9 |

Before the Court is Plaintiff Tyler Lazare's motion to remand to state court. ECF No. 9. The Court will grant the motion.

## I. BACKGROUND

Lazare filed this action in the Superior Court of California for Alameda County, challenging Defendant Unifirst Corporation's "employment practices with respect to their non-exempt hourly workers employed in the State of California as Route Service Representatives ('RSRs') from November 10, 2023 to the present." ECF No. 1-4 ¶ 1. Lazare alleges several California Labor Code violations and seeks penalties established by Labor Code section 2699, the Private Attorneys General ACT ("PAGA").

Unifirst removed the action to this Court on April 2, 2025, alleging diversity jurisdiction. ECF No. 1. Lazare moved to remand, ECF No. 9. Unifirst opposes the motion, ECF No. 14, and Lazare filed a reply, ECF No. 15. The Court took the matter under submission without a hearing on June 30, 2025. ECF No 21.

## II. LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

(citing 28 U.S.C. § 1441). Diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In addition, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). The court "resolves all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042.

## III. DISCUSSION

### A. Complete Diversity of Citizenship

The parties agree that Lazare is a California citizen and Unifirst is a Massachusetts citizen. ECF No. 9 at 11; ECF No. 14 at 5. But Lazare contends that his "claims [are] brought on behalf of an arm of the State of California"—namely, the California Labor & Workforce Development Agency (LWDA), which collects 75% of penalties recovered in PAGA actions "for enforcement of labor laws." ECF No. 9 at 16; Cal. Lab. Code § 2699(m)–(n). Thus, Lazare argues, the state of California is the real party in interest, defeating complete diversity of citizenship. *See Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973) ( "[A] State is not a 'citizen' for purposes of the diversity jurisdiction").

Lazare relies principally on *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013). In *Urbino*, the parties did not challenge the complete diversity of the parties. But the Ninth Circuit opined in dicta that "[t]o the extent Plaintiff can—and does—assert anything but his individual interest, . . . we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfied the requirements of federal diversity jurisdiction." *Id.* at 1122–23.

Some district courts, not convinced by this statement, "have considered the named

1    plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA
2    cases." *Prestwood v. Marriott Ownership Resorts, Inc.*, No. SACV 19-766 AG (SSx), 2019 WL
3    2522674, at *2 (C.D. Cal. June 18, 2019); *see also id.* (noting that "Plaintiff takes that statement
4    from *Urbino* out of context"); *Solis v. Dunbar Armored, Inc.*, No. 17-cv-2193 DMS (JLB), 2018
5    WL 259200, at *2 (S.D. Cal. Jan. 2, 2018); *Chavez v. Time Warner Cable LLC*, No. CV 12-5291-
6    RGK (RZx), 2016 WL 1588096, at *2 (C.D. Cal. Apr. 20, 2016).

7          The Ninth Circuit, for its part, has continued to muse on *Urbino*'s suggestion that PAGA
8    actions create a diversity problem. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 n.1 (9th
9    Cir. 2020) ("We were also unpersuaded [in *Urbino*] that the PAGA action could satisfy the
10   complete diversity element because the State of California was the real party in interest and was
11   not a citizen. . . . Because the amount-in-controversy requirement was not satisfied here, we do
12   not address the issue of whether the parties are completely diverse."); *but see Archila v. KFC U.S.*
13   *Properties, Inc.*, 420 Fed. App'x 667, 668 (9th Cir. 2011) (unpublished) (affirming district court
14   exercise of jurisdiction over PAGA claims because "[a]lthough California may be a real party in
15   interest to a PAGA action, . . . this does not convert California into an actual party to all PAGA
16   litigation").

17         In the absence of a clear consensus, the Court declines to weigh in on this question at this
18   time. And, as demonstrated *infra*, the Court need not resolve this question, because even
19   assuming that complete diversity of parties exists, Unifirst fails to meet its burden to show that the
20   amount in controversy here exceeds $75,000.

21        **B.**     **Amount in Controversy**
22             **1.**     **LWDA's Penalties**

23         Under PAGA, the LWDA is entitled to 75% of the penalties recovered in this action. Cal.
24   Lab Code § 2699(m). The parties disagree about whether the LWDA's portion of the penalties
25   should count toward the amount in controversy. "The Ninth Circuit has yet to 'squarely consider
26   the issue,' and district courts remain split.'" *Tighe v. Ferrellgas Partners, L.P.*, No. 5:24-cv-
27   01643-SSS-DTBx, 2025 WL 2410925, at *2 (C.D. Cal. Aug. 19, 2025) (quoting *Steenhuyse v.*
28   *UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1068 (N.D. Cal. 2018)). But "the weight of opinion

3

is that only 25% of the civil penalties sought in a PAGA action, the amount that accrues to employees rather than the LWDA, should be counted toward the amount in controversy." *Prestwood*, 2019 WL 2522674, at *3; *see also Hesselink v. Am. Family Life Assurance Co. of Columbus*, No. SACV 20-2051-CJC (DFMx), 2020 WL 7768711, at *3 (C.D. Cal. Dec. 30, 2020) ((a "growing number of courts . . . have held that the LWDA's share cannot be aggregated with the aggrieved employee's share for purposes of determining the amount in controversy"); *Garcia v. Commonwealth Fin. Network*, No. 20-cv-1483-BAS-LL, 2020 WL 6886267, at *4 (S.D. Cal. Nov. 24, 2020) ("the Court may only consider the 25% share allotted to the PAGA plaintiff . . . for the purposes of calculating the amount in controversy"). Consistent with the greater weight of opinion, the Court will count only 25% of the total penalties recoverable toward the amount in controversy for jurisdictional purposes.

The parties disagree over the total amount of civil penalties potentially recoverable in this action based on the complaint allegations. Lazare contends the amount is $20,949.40. ECF No. 9 at 19. Unifirst contends it is $58,599.40. ECF No. 14 at 8. The Court need not resolve the parties' conflicting calculations, because even accepting Unifirst's number, the resulting amount in controversy is below the requisite $75,000 when combined with recoverable attorney's fees. Accepting Unifirst's figure, once reduced by the LWDA's share, the total recoverable penalties are $14,649.85.

### 2. Attorney's Fees

"The amount in controversy includes . . . attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "Any employee who prevails in any [PAGA] action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Lab. Code § 2699(g).

Unifirst's "reasonable estimate" of attorney's fees is $138,450, and its "conservative estimate" is $65,000. ECF No. 14 at 10. Unifirst argues that this number need not be disaggregated to Lazare's pro rata share because "Plaintiff seeks individual relief and attorney's fees under Labor Code sections 226 and 1194." ECF No. 14 at 12. This argument is puzzling, because even the portion of the complaint that Unifirst cites for this proposition, ECF No. 1-4 ¶¶

4

65–92, seeks relief on behalf of "Plaintiff and the other aggrieved employees." *Id.* Moreover, the Ninth Circuit has held that "[a]ll PAGA actions are inherently representative." *Leeper*, 107 Cal. App. 5th at 1007. Accordingly, in PAGA removal actions, "only the portion of attorney's fees attributable to [plaintiff's] claims count towards the amount in controversy." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014); *see id.* ("When the rule is that claims are not aggregated . . . as it is now for PAGA actions under *Urbino* . . . it would seriously undermine the [anti-aggregation] rule to allow attorney's fees to be allocated solely to a named plaintiff in determining the amount in controversy.") (quoting *Garrett v. Bank of Am., N.A.*, No. 13-cv-05263-JST, 2014 WL 1648759, at *8 (N.D. Cal. Apr. 24, 2014)).

Here Unifirst, having rejected disaggregation of attorney's fees altogether, "provides no estimate whatsoever as to what the named plaintiffs' pro rata share of attorneys' fees would be," and accordingly fails to meet its burden. *Gunawan v. Transdev Alt. Servs., Inc.*, No. 22-cv-4141-HSG, 2023 WL 2560360, at *3 (N.D. Cal. Mar. 17, 2023); *see also Tighe v. Ferrellgas Partners, L.P.*, No. 5:24-cv-2643-SSS-DTBx, 2025 WL 2410925, at *3 (C.D. Cal. Aug. 19, 2025) (finding "unpersuasive" defendants' "speculati[on] [regarding] how many hours [plaintiff's] counsel will work to prosecute his claims"). Even accepting the higher of Unifirst's proposed fee amounts ($138,450), and assuming even as few as three "non-exempt hourly workers employed in the State of California as Route Service Representatives ("RSRs") from November 10, 2023 to the present," ECF No. 1-4 ¶ 1, Lazare's share of the fees would be $46,150. Combined with the penalties figure calculated *supra*, the total would be insufficient to meet the requisite $75,000 amount in controversy. It seems likely that many more than three employees fit within this category. But in any event, the evidentiary burden is on Unifirst to prove otherwise, and Unifirst has failed to produce evidence necessary to meet its burden of showing that the amount in controversy attributable just to Lazare's claims exceeds $75,000.

## IV.     LEAVE TO AMEND

Unifirst requests leave to amend its notice of removal "to address any deficiencies." ECF No. 14 at 13–14. But the cases it cites are inapposite because they involve "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves,"

5

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989), and here Unifirst has not identified any statements in its notice that it contends are incorrect. The Court accordingly will deny leave to amend. *See Corin v. Arkema, Inc.*, No. 2:23-cv-9230-RGK-MRW, 2024 WL 53005, at *3 (C.D. Cal. Jan. 4, 2024) (where defendant "had two bites at the apple—the Notice and the Opposition—and still fell short," court "refuse[d] to grant it a third").

## CONCLUSION

For the reasons explained above, Lazare's motion to remand is granted. The action is hereby remanded to the Superior Court of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: September 29, 2025



JON S. TIGAR
United States District Judge